**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 10**

Docket No. AT-1221-20-0134-W-1

**Jessie McCray,**

**Appellant,**

**v.**

**Department of the Army,**

**Agency.**

March 7, 2023

Jennifer Duke Isaacs, Atlanta, Georgia, for the appellant.

Angela Slate Rawls, Redstone Arsenal, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the following reasons, we DENY the petition for review. We AFFIRM the initial decision as to the finding that the appellant failed to nonfrivolously allege that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). We MODIFY the initial decision as set forth in this Opinion and Order to find that the appellant also failed to nonfrivolously allege he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(B) or (C). We further MODIFY the initial decision to credit the appellant's facially

plausible assertions, consistent with the decision of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362 (Fed. Cir. 2020).

## BACKGROUND

¶2      The appellant was employed by the agency as a GS-12 Human Resources Specialist at the Civilian Personnel Advisory Center (CPAC), Redstone Arsenal, Alabama.  Initial Appeal File (IAF), Tab 7 at 32, 34.  His 2018 performance year ran from April 1, 2017, to March 31, 2018.  *McCray v. Department of the Army*, MSPB Docket No. AT-3443-19-0060-I-1, Initial Appeal File (0060 AF), Tab 4 at 105-06.  According to the appellant, he filed a grievance in May 2018, through the agency's administrative grievance process, alleging that his supervisor "engage[d] in discrimination against a coworker with disabilities."  IAF, Tab 1 at 5, 11, 36, 50, Tab 6 at 10.

¶3      The appellant filed a second administrative grievance on July 26, 2018, concerning his supervisor's alleged denial for the 2018 performance year of (1) the appellant's request to provide input regarding his accomplishments into the agency's automated performance system, and (2) a time-off award (TOA) for performance.  IAF, Tab 6 at 10, Tab 7 at 37-42.  With that grievance, he submitted a report containing information regarding other employees' TOAs.  IAF, Tab 6 at 32, 34, 36-37, Tab 7 at 25-26, 37, 41.  He had access to the report in order to fulfill his duties as a Human Resources Specialist.  IAF, Tab 6 at 32-33, Tab 7 at 25-26.  During a meeting with the appellant on August 7, 2018, his supervisor advised him that it was inappropriate to pull the TOA information of others for his personal grievance.  IAF, Tab 6 at 34, 36.  In response, the appellant sent an email to his supervisor the following day, instructing her, "Do not engage me on matter[s] that pertain to the on-going Administrative Grievance."  0060 AF, Tab 4 at 5; IAF, Tab 6 at 34.

¶4        Later that month, the appellant's supervisor issued the appellant a notice proposing to suspend him for 5 days for using his official position to access the TOA information of other employees for his personal gain.  IAF, Tab 6 at 32-33. The suspension also cited the appellant's email to his supervisor not to "engage" with him on his grievance as disrespectful conduct.  *Id.*

¶5        Also in August 2018, in response to the appellant's July 2018 grievance, the CPAC Director provided the appellant with an opportunity to submit input regarding his 2018 performance.  0060 AF, Tab 4 at 104, 107-12, 129.  That same month, the appellant received his TOA.  IAF, Tab 1 at 43, Tab 6 at 26; 0060 AF, Tab 4 at 129-30.

¶6        On October 3, 2018, the CPAC Director issued a decision on the appellant's proposed 5-day suspension, agreeing that the appellant engaged in the alleged misconduct and determining that the penalty was appropriate.  IAF, Tab 6 at 9, 46-48.   He served this 5-day suspension from October 4 to 8, 2018. 0060 AF, Tab 4 at 79-80.

¶7        Meanwhile, the agency selected the appellant for the position of GS-12 Personnel Support Specialist, for which he had previously applied.  0060 AF, Tab 4 at 2, 82; IAF, Tab 6 at 6, 30.  According to the appellant, this selection decision was made in May 2018.   0060 AF, Tab 4 at 2; IAF, Tab 6 at 6. He further alleged below that agency procedures required the agency to make a tentative job offer within 3 business days.  IAF, Tab 6 at 6.  In July 2018, he asked his supervisor when he could expect this tentative job offer.  *Id.* at 30. On September 27, 2018, the appellant received notification that he was to begin his new position on October 14, 2018.   0060 AF, Tab 4 at 82. Effective October 14, 2018, the appellant was reassigned to his new position. *Id.* at 73-75.

¶8        Later in October 2018, the appellant filed a Board appeal challenging his 5-day suspension.  0060 AF, Tab 1 at 3, 17-21, Tab 4 at 1.  An administrative judge issued an initial decision dismissing the appeal in January 2019.

0060 AF, Tab 8, Initial Decision (0060 ID) at 1, 4. The administrative judge found, as relevant here, that to the extent the appellant sought to file an IRA appeal, he failed to indicate whether he had filed a complaint with the Office of Special Counsel (OSC), a jurisdictional prerequisite to filing an IRA appeal with the Board.[1] 0060 ID at 3 & n.1.

¶9    In February 2019, the appellant filed a complaint with OSC alleging that the agency retaliated against him for his May and July 2018 grievances. IAF, Tab 1 at 32, 42, 49-50. He asserted that the retaliatory actions began in approximately May or June 2018, and ended in October 2018. *Id.* at 25-26, 33-35, 43-50. These actions included initially denying him an opportunity to add his input into the performance appraisal system for his 2018 performance; delaying the issuance of his 2018 TOA; issuing him the 5-day suspension in October 2018; and taking more than 3 days to make his tentative job offer for the position of Personnel Support Specialist. *Id.* OSC subsequently terminated its inquiry and advised the appellant of his right to file an IRA appeal with the Board. *Id.* at 50-51. The appellant then filed the instant IRA appeal, reasserting these claims to the Board. IAF, Tab 1 at 1, 5-7, 11, 13-15.

¶10    Based on the written record, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID) at 1, 4-6. He found the appellant exhausted his OSC remedy. ID at 3. However, he determined that neither of the appellant's alleged grievances constituted protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), over which the Board would have jurisdiction in an IRA appeal. ID at 4-5. Finally, the administrative judge held that, although the appellant informed OSC of his prior Board appeal concerning his 5-day suspension, and although such an

---

[1] Neither party petitioned for review from that decision, and it is now the final decision of the Board. 5 C.F.R. § 1201.113(a)-(c) (providing that an initial decision generally becomes the Board's final decision if neither party files a timely petition for review).

appeal was a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), all of the personnel actions alleged by the appellant in his OSC complaint occurred before he filed that Board appeal on October 26, 2018; thus, it could not have been a contributing factor in the actions at issue. ID at 5-6. The appellant has filed a petition for review, to which the agency has responded. Petition for Review (PFR) File, Tabs 1, 3.

## ANALYSIS

¶11 The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016). The parties do not dispute the administrative judge's finding that the appellant exhausted his administrative remedies before OSC regarding his allegations that, in reprisal for his administrative grievances, the agency initially denied him the opportunity to provide input into the agency's performance system regarding his 2018 performance, delayed his 2018 TOA, suspended him for 5 days, and took more than 3 days to make his tentative job offer.[2] ID at 3-5; IAF, Tab 1 at 25-27, 32-33, 36-50.

---

[2] The parties also do not dispute the administrative judge's finding that the appellant's October 26, 2018 Board appeal could not have been a contributing factor in the alleged personnel actions because it postdated those actions. ID at 5-6. It does not appear the appellant alleged retaliation for his prior Board appeal below. IAF, Tab 6 at 11-16. Nonetheless, we discern no basis to disturb the administrative judge's contributing factor determination. *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶¶ 9-10 (2015) (concluding that a disclosure could not have contributed to personnel actions taken before the disclosure was made), *aff'd per curiam*, 663 F. App'x 921 (Fed. Cir. 2016). The administrative judge made no finding as to whether the appellant exhausted

¶12     The parties also do not dispute the finding that the appellant did not allege that he sought to remedy reprisal for whistleblowing in his grievances, and thus they did not constitute protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). ID at 4-5. Section 2302(b)(9)(A)(i) includes as protected activity "the exercise of any appeal, complaint, or grievance right . . . with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." Exercising other appeal, complaint, or grievance rights falls within the scope of 5 U.S.C. § 2302(b)(9)(A)(ii). The Board's IRA jurisdiction includes a claim of retaliation for filing a grievance under 5 U.S.C. § 2302(b)(9)(A)(i), but not for filing a grievance under section 2302(b)(9)(A)(ii). 5 U.S.C. § 1221(a); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Thus, the Board lacks jurisdiction over a grievance that does not seek to remedy a violation of 5 U.S.C. § 2302(b)(8), i.e., one that does not seek to remedy whistleblower reprisal. *See Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 n.8 (2016) (determining that 5 U.S.C. § 2302(b)(9)(A)(i) prohibits retaliation for filing a Board appeal in which a claim of whistleblower reprisal was raised).

¶13     Although the record does not contain a copy of the appellant's May 2018 grievance, he alleged that the subject matter of this grievance was his supervisor's discrimination against a disabled coworker. IAF, Tab 1 at 5, 11, 36, 50. As described by the appellant, his supervisor directed all team members except the appellant's visually impaired coworker "to move to a cubicle area separated by a wall." *Id.* at 36. The appellant stated that this action caused the coworker to feel "isolated, . . . unwelcomed, not respected, unsupported and

_____

with OSC regarding the activity of filing his prior Board appeal. ID at 3. Because the administrative judge properly determined the appellant failed to prove contributing factor, a necessary element of his jurisdictional burden, we discern no error in the decision not to address the exhaustion element. *See Schmittling v. Department of the Army*, 219 F.3d 1332, 1336-37 (Fed. Cir. 2000) (explaining that, in an IRA appeal, the Board may find it lacks jurisdiction based on an appellant's failure to meet any one of the jurisdictional prerequisites).

devalued as a team member." *Id.* The appellant did not allege that he sought to remedy whistleblower reprisal in his May 2018 grievance. *Id.*

¶14 In his July 2018 grievance, the appellant alleged that, as of that time, his supervisor had denied his request to provide input regarding his 2018 performance into the agency's performance appraisal system and denied his TOA for the same year.[3] IAF, Tab 7 at 37-42. As to the denial of his request to provide input within the system, he acknowledged that he had previously been given the opportunity to provide written input outside the automated performance appraisal system. *Id.* at 37-40. However, he argued that this was insufficient because agency guidance stated, in pertinent part, that the system was "a comprehensive automated platform to . . . document" performance-related matters, including "employee input." *Id.* at 40. Concerning his TOA, the appellant asserted that he was entitled to an award in light of his fully successful performance rating, he had requested the TOA, and he had not received it. *Id.* at 40-41. He did not allege that the agency's actions were in reprisal for a protected disclosure. *Id.* at 37-42. Therefore, we discern no basis to disturb the administrative judge's finding that the Board lacks jurisdiction over the appellant's grievances under 5 U.S.C. § 2302(b)(9)(A)(i).

¶15 Further, the appellant has not alleged the agency's actions were motivated by his refusal "to obey an order that would require [him] to violate a law, rule, or regulation," activity which is protected under 5 U.S.C. § 2302(b)(9)(D). Thus, the issues before us are whether the appellant made nonfrivolous allegations that his disclosures and activity were protected under 5 U.S.C. § 2302(b)(8), (9)(B), or (9)(C). As explained below, we find that he did not.

---

[3] As discussed above, the agency later provided the appellant with the opportunity to submit input regarding his performance, and also gave him a TOA for his 2018 performance.

<u>The appellant's disclosures are not within the Board's jurisdiction under 5 U.S.C. § 2302(b)(8).</u>

¶16    The appellant argues that the administrative judge "erred by failing to consider . . . entirely" his disclosure of disability discrimination against a coworker. PFR File, Tab 1 at 11; IAF, Tab 1 at 11, 36. He alleges he made this disclosure in his May 2018 administrative grievance. PFR File, Tab 1 at 11. The administrative judge acknowledged that the parties disputed whether the appellant raised disability discrimination in a May 2018 grievance as he alleged, or later, in his August 30, 2018 response to the agency's proposal to suspend him for 5 days, as claimed by the agency.[4] ID at 5; IAF, Tab 1 at 25, 50, Tab 7 at 7, 23, 26-27. As discussed above, he found that, regardless of when the appellant raised such discrimination issues to the agency, he did not seek to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8) in the grievance, and therefore his grievance was not protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). ID at 5. Thus, to the extent the appellant is arguing that the administrative judge failed to consider his May 2018 grievance, he is mistaken. PFR File, Tab 1 at 11.

---

[4] After the initial decision was issued in this case, the Federal Circuit held in *Hessami*, 979 F.3d at 1368-69, that when determining IRA jurisdiction, the issue of whether an appellant has nonfrivolously alleged that he made protected disclosures that contributed to a personnel action must be determined based on whether he "alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Here, the administrative judge did not credit the appellant's facially plausible allegation that he made the subject disclosure in a grievance in May 2018. ID at 3, 5. Nonetheless, the administrative judge credited the appellant's claim that, at some point, he made disclosures of disability discrimination. ID at 5. As discussed below, we agree that the content of this grievance was not protected. Thus, any error by the administrative judge in failing to credit the appellant's assertion as to when he made this disclosure was harmless. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). For purposes of our analysis, we have accepted as true the appellant's claim that he alleged disability discrimination in a May 2018 grievance.

¶17    We have considered that the appellant may be asserting that the administrative judge failed to address whether the grievance contained disclosures protected under 5 U.S.C. § 2302(b)(8). The administrative judge did not conduct such an analysis for either of the appellant's grievances. ID at 4-5. We modify the initial decision to find that the appellant's alleged disclosures in his administrative grievances do not afford the Board jurisdiction over his IRA appeal under section 2302(b)(8). As a result, any oversight by the administrative judge in failing to address the appellant's potential section 2302(b)(8) claim does not affect the outcome in this case. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶18    An allegation of reprisal for making a disclosure in the course of exercising a grievance right is an allegation of a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8). *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1576 (Fed. Cir. 1996), *abrogated in part on other grounds by Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371-72 & n.1 (Fed. Cir. 2001); *Mudd*, 120 M.S.P.R. 365, ¶ 6; *Fisher v. Department of Defense*, 47 M.S.P.R. 585, 587-88 (1991); *see Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 10 (2015) (explaining that filing a grievance and representing another employee in the grievance process are activities protected by 5 U.S.C. § 2302(b)(9)). Thus, only disclosures made outside the context of a grievance right granted by law, rule, or regulation are protected under section 2302(b)(8). *Serrao*, 95 F.3d at 1576; *see* 5 U.S.C. § 2302(b)(9)(A) (identifying the "exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation" as a protected activity), section 2302(b)(9)(B) (providing that testifying or assisting another individual in the exercise of his grievance rights under section 2302(b)(9)(A) is a protected activity). Accordingly, the appellant's alleged disclosures in his May and July 2018 grievances cannot support a finding of Board jurisdiction under 5 U.S.C. § 2302(b)(8).

¶19 Even if the appellant had made his claim of disability discrimination outside the context of his May 2018 grievance, it could not be considered a protected disclosure under section 2302(b)(8). The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act). *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The standards under the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act of 2008, have been incorporated by reference into the Rehabilitation Act and the Board applies them to determine whether there has been a Rehabilitation Act violation. 29 U.S.C. § 791(f); *Pridgen*, 2022 MSPB 31, ¶ 35. The ADA has an anti-retaliation provision, which prohibits discriminating against any individual because of protected activity. 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶ 44. Such protected activity includes opposing unlawful disability discrimination. 42 U.S.C. § 12203(a); *Pridgen*, 2022 MSPB 31, ¶ 44 (identifying both requesting a reasonable accommodation and complaining of disability discrimination as activities protected by the ADA). Thus, accepting the appellant's allegations regarding his May 2018 grievance as true, his grievance is protected activity under the Rehabilitation Act.

¶20 The Board has long held that it lacks IRA jurisdiction over disability discrimination claims. *Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 14 (2011), *aff'd per curiam*, 498 F. App'x 1 (Fed. Cir. 2012); *Coons v. Department of the Treasury*, 85 M.S.P.R. 631, ¶ 22 (2000), *overruled in part on other grounds by Arauz v. Department of Justice*, 89 M.S.P.R. 529, ¶ 7 n.1 (2001); *Marren v. Department of Justice*, 51 M.S.P.R. 632, 636-42 (1991), *aff'd per curiam*, 980 F.3d 745 (Fed. Cir. 1992) (Table), *and modified in part on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994). In *Marren*, the Board considered the scope of the Whistleblower Protection Act of 1989 (WPA of 1989), Pub. L. No. 101-12, 103 Stat. 16, which first expanded the

Board's jurisdiction to include IRA appeals. 51 M.S.P.R. at 636-41. The Board observed that an employee who seeks to remedy disability discrimination has at his disposal the Equal Employment Opportunity Commission (EEOC) and its long-established procedures as an avenue to seek redress. *Marren*, 51 M.S.P.R. at 641. It further noted that in the legislative history of the WPA of 1989, Congress did not indicate any intent to change the balance of distribution of equal employment opportunity review or diminish the primary roll afforded the EEOC in that arena. *Id.* at 642.

¶21  Like Federal employees seeking to remedy a violation of the Rehabilitation Act, those seeking to remedy a violation of Title VII, i.e., discrimination based on race, color, religion, sex, or national origin, may also seek redress before the EEOC. 42 U.S.C. § 2000e-16(a)-(b). In *Edwards v. Department of Labor*, we reaffirmed the longstanding principle that activity and disclosures protected under Title VII are not protected under 5 U.S.C. § 2302(b)(8) because employees seeking to remedy reprisal for such activity and disclosures have the right to seek redress before the EEOC. *Edwards*, 2022 MSPB 9, ¶¶ 10-25. This rationale in *Edwards* applies equally to claims of disability discrimination. For example, in *Edwards*, we cited to Congressional testimony by the Special Counsel expressing concern about granting IRA appeal rights to employees who also had the EEOC as an avenue to seek redress. *Id.*, ¶ 10. That testimony did not distinguish between Title VII-based claims and other claims of discrimination that are remedied by the EEOC. *Whistleblower Protection Act of 1987: Hearings on S. 508 Before the Subcomm. on Fed. Services, Post Off., & Civil Serv. of the Comm. on Governmental Affairs, United States Senate*, 100th Cong. 138-39, 379-80 (1987) (containing a prior draft of legislation establishing the Board's jurisdiction over IRA appeals and the relevant testimony of the Special Counsel regarding that language).

¶22  Therefore, we conclude that the Board's IRA jurisdiction does not extend to claims of reprisal for complaining of practices made unlawful by the

Rehabilitation Act. Because the appellant's disclosures of alleged discrimination against a disabled coworker fall within the protection of the Rehabilitation Act, the Board does not have jurisdiction over those disclosures under section 2302(b)(8).

<u>The appellant failed to nonfrivolously allege that his grievances are protected activity under 5 U.S.C. § 2302(b)(9)(B).</u>

¶23     Under 5 U.S.C. § 2302(b)(9)(B), protected activity includes "testifying for or otherwise lawfully assisting any individual in the exercise" of any appeal, complaint, or grievance right.[5]     5 U.S.C. § 2302(b)(9)(A)-(B); *Alarid*, 122 M.S.P.R. 600, ¶ 10. The administrative judge did not address whether the appellant's grievances were protected activity under section 2302(b)(9)(B). In addition, the parties do not raise this issue on review. However, the Board is obligated to "determine its own jurisdiction over a particular appeal." *Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1362 (Fed. Cir. 2007) (citing *Cruz v. Department of the Navy*, 934 F.2d 1240, 1244 (Fed. Cir. 1991) (recognizing the Board's "jurisdiction to determine its jurisdiction")). Therefore, we address the issue here.

¶24     In *Edwards*, 2022 MSPB 9, ¶ 2, the appellant alleged the agency retaliated against him for making disclosures and filing EEO complaints in which he raised allegations that the agency discriminated against employees generally, and one of his subordinates in particular, because of their race. We found no basis to conclude that the appellant's disclosures or complaints were protected activities under 5 U.S.C. § 2302(b)(9)(B) because there was no indication in the record that

---

[5] Differing from 5 U.S.C. § 2302(b)(9)(A)(i), which bars reprisal for an appellant's personal exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation concerning an alleged violation of section 2302(b)(8), section 2302(b)(9)(B) bars reprisal for assisting another individual in the exercise of any appeal, complaint, or grievance right granted by law, rule, or regulation, and such a proceeding need not concern remedying a violation of whistleblower reprisal under section 2302(b)(8). *Alarid*, 122 M.S.P.R. 600, ¶ 12 n.5.

the appellant's subordinate, who purportedly was denied a promotion based on his race, or any of the other employees allegedly discriminated against based on race, filed any appeal, complaint, or grievance. *Edwards*, 2022 MSPB 9, ¶ 28.

¶25    Here, the appellant did not allege that he was lawfully assisting his coworker in the exercise of the coworker's grievance right; rather the appellant alleged that *he* had exercised the grievance right in May 2018, in which he raised concerns about disability discrimination against his coworker. IAF, Tab 1 at 5, 7, 11, Tab 6 at 4, 6, 10. Because the appellant has not alleged that his coworker filed an appeal, complaint, or grievance in which the appellant assisted, he has not alleged that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(B). *See Edwards*, 2022 MSPB 9, ¶ 28; *Alarid*, 122 M.S.P.R. 600, ¶ 12 n.5 (explaining that 5 U.S.C. § 2302(b)(9)(A)(i) differs from section 2302(b)(9)(B) in part because the former bars reprisal for an appellant's personal exercise of any appeal, complaint, or grievance right). Similarly, the appellant's July 26, 2018 grievance, in which he challenged his supervisor's alleged initial denial of the appellant's request to provide input regarding his accomplishments into the agency's automated performance system and a TOA for his 2018 performance, is not protected activity under 5 U.S.C. § 2302(b)(9)(B). IAF, Tab 6 at 10, Tab 7 at 37-42. The appellant has not alleged that he was testifying for or otherwise lawfully assisting any individual other than himself in connection with that grievance. We therefore find that the appellant has failed to make a nonfrivolous allegation regarding this statutory provision.

The appellant did not nonfrivolously allege that his grievances are protected activity under 5 U.S.C. § 2302(b)(9)(C).

¶26    Prior to December 12, 2017, the whistleblower protection statutory scheme provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. 5 U.S.C. § 2302(b)(9)(C) (2016); *Edwards*, 2022 MSPB 9, ¶ 33. Section 1097(c)(1) of the National Defense

Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017) (NDAA), amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected. *Edwards*, 2022 MSPB 9, ¶ 29. Although all of the relevant events in this appeal occurred after the December 12, 2017 enactment date of the NDAA, neither the administrative judge, nor the parties, addressed whether the appellant's administrative grievances fell within the expanded scope of this subsection. Therefore, we do so here.[6] *See Parrish*, 485 F.3d at 1362 (finding that the Board is obligated to determine its jurisdiction over an appeal).

¶27     The legislative history of the NDAA does not define the scope of the expanded section 2302(b)(9)(C), and the term "component responsible for internal investigation or review" is not defined elsewhere in the statute. It is unnecessary to define the term here because we can make our finding on narrower grounds. We are guided by the principle that the provisions of a statute should be read together to avoid rendering any provision inoperative or superfluous. *Horner v. Merit Systems Protection Board*, 815 F.2d 668, 674 (Fed. Cir. 1987). As previously discussed, section 2302(b)(9)(A) prohibits retaliation for the "exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation – (i) with regard to remedying a violation of [section 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [section 2302(b)(8)]." We do not read section 2302(b)(9)(C) to include disclosures made in the course of an administrative grievance, the same activity protected under (b)(9)(A), because doing so would effectively subsume all or part of (b)(9)(A).

---

[6] In *Edwards*, 2022 MSPB 9, ¶¶ 29-33, we determined that the NDAA's expansion of section 2302(b)(9)(C) did not apply to events occurring prior to the enactment of the NDAA. Unlike in *Edwards*, all the relevant events here took place post-enactment and the expanded section 2302(b)(9)(C) applies to this appeal.

¶28      This determination is consistent with prior interpretations of 5 U.S.C. § 2302(b). The Board and the Federal Circuit have declined to interpret the provisions of section 2302(b)(8) and (b)(9) as overlapping. For example, the Federal Circuit held that an employee's disclosure made during the course of his EEO complaint can only be protected under section 2302(b)(9)(A), and not (b)(8), reasoning in part that reading the two subsections as covering the same activity "would render § 2302(b)(9)(A) largely irrelevant, if not completely superfluous." *See Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690-91 (Fed. Cir. 1992) (citing *Horner*, 815 F.2d at 674). Similarly, the Board determined that 5 U.S.C. § 2302(b)(8) did not protect an appellant from reprisal for disclosures made during an internal agency grievance. *Fisher*, 47 M.S.P.R. at 587-88. The Board explained that there would be no need for section 2302(b)(9) protections if it interpreted (b)(8) to override and make redundant the provisions of (b)(9). *Fisher*, 47 M.S.P.R. at 587-88. We likewise find that the appellant's disclosures, made in his administrative grievances, are not protected activity under section 2302(b)(9)(C), because to find otherwise would render (b)(9)(A) irrelevant and superfluous.

¶29      In addition, the history of 5 U.S.C. § 2302 supports the conclusion that Congress did not intend activity protected under section 2302(b)(9)(C) to overlap with (b)(9)(A). Prior to the enactment of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, § 101(b)(1)(A), 126 Stat. 1465 (codified in pertinent part at 5 U.S.C. § 1221(a)), (WPEA), the Board's IRA jurisdiction only extended to protected disclosures under section 2302(b)(8), and not to any of the protected activities identified in (b)(9). The Federal Circuit cautioned against "read[ing] the scope of § 2302(b)(8) as including [protected] activities squarely within § 2302(b)(9)(A)," observing that doing so "would have the effect of reversing this carefully considered Congressional decision" to exclude protected activities, including activities under section 2302(b)(9), from the Board's jurisdiction at that time. *Spruill*, 978 F.2d at 690-91.

¶30    The WPEA expanded the Board's jurisdiction over IRA appeals to include, as relevant here, activity protected under section 2302(b)(9)(A)(i), (B), (C), or (D), but not (b)(9)(A)(ii).  *See Mudd*, 120 M.S.P.R. 365, ¶ 7 (recognizing this expansion to the Board's jurisdiction as to section 2302(b)(9)(A)(i), but not (b)(9)(A)(ii)).  As noted earlier, the Board does not have jurisdiction over claims of reprisal for activity protected under section 2302(b)(9)(A)(ii), i.e., a grievance an employee files on his own behalf that does not seek to remedy whistleblower reprisal like the ones at issue here.  5 U.S.C. 1221(a); *Mudd*, 120 M.S.P.R. 365, ¶ 7; *cf. Elder*, 124 M.S.P.R. 12, ¶ 39 n.8 (stating that 5 U.S.C. § 2302(b)(9)(A)(i) prohibits retaliation for filing a Board appeal in which a claim of whistleblower retaliation was raised under 5 U.S.C. § 2302(b)(8)).  The parties do not dispute the administrative judge's finding that the appellant's grievances fell into this category and therefore outside the Board's jurisdiction under section 2302(b)(9)(A)(i).  ID at 4-5.  We decline to read the new language in section 2302(b)(9)(C) to include claims covered by (b)(9)(A)(ii).  Doing so would render the deliberate distinction between section 2302(b)(9)(A)(i) and (b)(9)(A)(ii) activity meaningless.  It would also effectively subsume section 2302(b)(9)(A)(ii) into (b)(9)(C).  *See Horner*, 815 F.2d at 674.  Accordingly, because the appellant's claims fall within the scope of section 2302(b)(9)(A)(ii), they cannot fall within the scope of (b)(9)(C).  As a result, we find that he has failed to nonfrivolously allege that his grievances are protected activity under 5 U.S.C. § 2302(b)(9)(C).  Based on the above analysis, we deny the appellant's petition for review and find that the Board lacks jurisdiction over this IRA appeal.[7]

---

[7] As a result of our findings here, we do not reach the appellant's arguments regarding contributing factor or whether the agency would have taken the same actions if he had not filed administrative grievances.  PFR File, Tab 1 at 11-12, 16; *see Schmittling*, 219 F.3d at 1336-37 (holding that, in an IRA appeal, the Board cannot assume it has jurisdiction and proceed to make a determination on the merits).

ORDER

¶31      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before

you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.