# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DENISE RUCKER JOHNSON,
        Appellant,

    v.

DEPARTMENT OF THE TREASURY,
        Agency.

DOCKET NUMBER
AT-1221-24-0118-W-1

DATE:  February 6, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Melissa Lolotai</u>, Esquire, <u>Ayodele Olosunde</u>, Esquire, and <u>John P. Mahoney</u>, Esquire, Washington, D.C., for the appellant.

<u>Andrew Greene</u>, Esquire, and <u>Aryeh Rosenfield</u>, Esquire, Atlanta, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member**

*The Board members voted on this decision before January 20, 2025.
**Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction.[2] For the first time on petition for review, the appellant argues that the agency subjected her to a hostile work environment between April 2019 and September 2022, culminating in her proposed removal on September 22, 2022, and forcing her to retire effective February 25, 2023.[3] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for

---

[2] Because the appellant has not established jurisdiction over her appeal, we need not reach the agency's argument that the appellant untimely filed her appeal. Petition for Review (PFR) File, Tab 3 at 5-6; *see e.g.*, *Rosell v. Department of Defense*, 100 M.S.P.R. 594, ¶ 5 (2005) (explaining that the issue of the Board's jurisdiction generally should be determined before reaching the issue of timeliness), *aff'd* 191 F. App'x 954 (Fed. Cir. 2006).

[3] If applicable, the appellant may file a separate appeal regarding a claim of an alleged involuntary retirement. An involuntary retirement is tantamount to a removal and thus is appealable to the Board. *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 5 (2010). An appellant may overcome the presumption that her retirement is voluntary by showing that it was the result of agency misrepresentation, coercion, or duress. *Id.*, ¶ 5. If the employee claims that her retirement was coerced by the agency's creating intolerable working conditions, she must show that a reasonable employee in her position would have found the working conditions so oppressive that she would have felt compelled to retire. *Id.* The Board makes no findings here regarding the timeliness or merits of such an appeal.

review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant has not nonfrivolously alleged that she engaged in protected activity within the scope of the Board's IRA jurisdiction, we AFFIRM the initial decision.[4]

The administrative judge did not address the appellant's Equal Employment Opportunity (EEO) activity below. Therefore, we modify the initial decision to do so. As the administrative judge advised the appellant, the Board's IRA jurisdiction includes, as relevant here, pursuing an appeal, complaint, or grievance seeking to remedy whistleblower reprisal. Initial Appeal File (IAF), Tab 4 at 3; *McCray v. Department of the Army*, 2023 MSPB 10, ¶¶ 11-12. On review, the appellant realleges that she filed an EEO complaint with the agency alleging discrimination and a hostile work environment, and that the agency retaliated against her as a result. Petition for Review (PFR) File, Tab 1 at 13-14; IAF, Tab 7 at 8. For the first time on review, she also identifies a "harassment claim[]" that she filed alleging that her supervisor threatened to return the appellant to her former position. PFR File, Tab 1 at 12.

Disclosures of unlawful discrimination are not covered by 5 U.S.C. § 2302(b)(8). *McCray*, 2023 MSPB 10, ¶ 21 (stating that activity and disclosures protected under Title VII are not protected under 5 U.S.C. § 2302(b)(8));

---

[4] For the first time on review, the appellant alleges that her "calculation for retirement [has] been based on survivor benefits rather than actual employee calculations." PFR File, Tab 1 at 15. She indicates she has been trying to reach the Office of Personnel Management (OPM) but has been unsuccessful. *Id.* When OPM has not issued a reconsideration decision on an appellant's retirement benefits, the Board generally lacks jurisdiction to hear the appeal. *See Luna v. Office of Personnel Management*, 89 M.S.P.R. 465, ¶ 8 (2001). The Board may assume jurisdiction over a retirement appeal in the absence of an OPM reconsideration decision only when the appellant has made repeated requests for such a decision and the evidence indicates that OPM does not intend to issue a reconsideration decision. *Id.* There has been no such showing here. The appellant may file a separate appeal from OPM's calculation of her annuity. We make no findings here as to the Board's jurisdiction over, or the timeliness of, any such appeal.

*Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-22 (explaining that 5 U.S.C. § 2302(b)(8) does not include disclosures of alleged wrongdoing under Title VII), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). Further, an appellant's own EEO complaint in which she does not seek to remedy reprisal for whistleblowing is not protected activity within the Board's IRA jurisdiction. *Edwards*, 2022 MSPB 9, ¶¶ 24-25 (finding that an appellant's complaints and disclosures to an agency's EEO office seeking to remedy purported Title VII retaliation were not within the purview of sections 5 U.S.C. § 2302(b)(9)(A)(i) or (b)(9)(B)); *see McCray*, 2023 MSPB 10, ¶¶ 26-30 (finding that an employee's pursuit of a grievance was not a protected activity under 5 U.S.C. § 2302(b)(9)(C) because so interpreting that provision would effectively subsume (b)(9)(A), which prohibits retaliation for the "exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation"). The appellant has not alleged that she sought to remedy whistleblower reprisal in her EEO complaint. Nor does she provide any details regarding the nature of her "harassment claim[]" against her supervisor. Therefore, she has not nonfrivolously alleged that her EEO complaint and harassment claim are protected activities within the scope of the Board's IRA jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.