## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NANCY ANN KARPEN,<br>　　　　Appellant, | DOCKET NUMBER<br>CH-1221-16-0403-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: July 26, 2023 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael L. Vogelsang, Jr., Esquire, Washington, D.C., for the appellant.

Robert Vega, Esquire, Hines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Central Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2 The appellant is employed by the agency's Veterans Health Administration (VHA) as a Registered Nurse, and works in the Outpatient Specialty Clinic at the VHA's Jesse Brown Veterans Affairs Medical Center (JBVAMC) in Chicago, Illinois. Initial Appeal File (IAF), Tab 1 at 1, Tab 10 at 104. She alleges that on September 30, 2013, her first-level supervisor assigned her to provide a medical assistant (MA) student with clinical experience "as a favor to the Director's Office." IAF, Tab 11 at 69. According to the appellant, she learned from a coworker that the MA student "was not authorized for clinical time . . . because the school he had gone to did not have a training relationship" with the agency. IAF, Tab 1 at 29. Therefore, on October 16, 2013, she asked the Associate Chief Nurse for Outpatient Services about the arrangement. IAF, Tab 1 at 27, Tab 11 at 69. The appellant's first-level supervisor learned about the appellant's inquiry to the Associate Chief Nurse, and confronted the appellant about it later the same day. IAF, Tab 11 at 69.

¶3 The appellant alleges that 1 day later, her first-level supervisor held an unannounced meeting with her and an agency human resources (HR) official. IAF, Tab 1 at 5. During that meeting, the appellant claims the HR official withdrew a job offer for a lateral assignment to the position of Neurology Nurse Case Manager, for which the appellant had previously been selected. IAF, Tab 1 at 5, 11; Petition for Review (PFR) File, Tab 1 at 6-7.[2] The agency cancelled the

_____

[2] The appellant submits copies of documents on review which are not in the record below, PFR File, Tab 1 at 6-8, 10, and that are in the record below, PFR File, Tab 1 at 9, Tab 4 at 8-10; IAF, Tab 11 at 7-9, 69. The issue of Board jurisdiction may be raised at any time during a Board proceeding. *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 5 (2016). Therefore, we have considered all of the appellant's submissions to the extent that they are relevant to the jurisdictional issue. *See Ney v. Department of Commerce*, 115 M.S.P.R. 204, ¶ 7 (2010).

assignment, which would have been effective October 20, 2013. IAF, Tab 1 at 7, Tab 10 at 20. Following an investigation, in January 2016, the agency issued a letter of counseling to the appellant's first-level supervisor for her role in permitting the student, who lacked an affiliation agreement with the agency, to "participate in patient care." IAF, Tab 10 at 12, Tab 11 at 7-18.

¶4     The appellant filed a complaint with the Office of Special Counsel (OSC). IAF, Tab 1 at 4, 22. She alleged to OSC that, in retaliation for her October 2013 disclosure and her filing of an equal employment opportunity (EEO) complaint, the agency rescinded her reassignment and took other actions against her. IAF, Tab 1 at 11. OSC closed its inquiry into her complaint on March 30, 2016, and advised her that she may have a right to seek corrective action from the Board. *Id.* at 11-12.

¶5     The appellant filed a timely IRA appeal and provided a copy of her OSC complaint, OSC's closeout letter, and the Standard Form 50 reflecting the cancellation of her reassignment. IAF, Tab 1 at 7-35. The administrative judge notified the appellant of her burden to establish jurisdiction over her IRA appeal and ordered her to submit argument and evidence on the jurisdictional issue. IAF, Tab 2 at 2-3. The appellant did not respond, and the agency filed a motion to dismiss. IAF, Tab 6.

¶6     The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the appellant's requested hearing. IAF, Tab 1 at 2, Tab 13, Initial Decision (ID) at 1-2, 9-10. She found that the appellant exhausted with OSC her claim that, on October 21, 2013, she reported an unauthorized medical assistant student to the Associate Chief Nurse. ID at 4-6. The administrative judge concluded that, while the appellant referenced in her Board appeal other dates, such as October 16, 2013, as the date of her disclosure, she had not exhausted those disclosures with OSC. ID at 4 n.3. The administrative judge further found that the appellant made a nonfrivolous allegation that her October 21, 2016 disclosure was protected. ID at 5-6.

In addition, she found that the only personnel action the appellant alleged with specificity was the cancellation of her reassignment, which was effective October 20, 2013. ID at 6-7; IAF, Tab 10 at 21. The administrative judge found that the appellant failed to nonfrivolously allege that her protected disclosure was a contributing factor in the cancellation because the alleged personnel action occurred before, not after, the disclosure. ID at 6-7. Additionally, the administrative judge found that the appellant's EEO complaint did not constitute protected activity that may serve as the basis for an IRA appeal. ID at 7-9.

¶7 The appellant has filed a petition for review of the initial decision. PFR File, Tab 1. The agency has submitted a response in opposition, to which the appellant has replied. PFR File, Tabs 3-5.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 On review, the appellant argues that the administrative judge erred in identifying October 21, 2013, rather than October 16, 2013, as the date of her disclosure.[3] PFR File, Tab 1 at 2-3. She asserts that she provided OSC with a copy of an agency Report of Contact (ROC) form that she completed, in which she identified October 16, 2013, as the relevant disclosure date. IAF, Tab 11 at 69-70; PFR File, Tab 1 at 3, 9.[4] The appellant further alleges that, had the administrative judge relied on the earlier date, she would have found that the

---

[3] The parties do not dispute the administrative judge's determination that Board lacks jurisdiction over the appellant's EEO activity in this IRA appeal. We discern no basis to disturb that finding.

[4] The appellant states that she included a copy of the ROC "with [her] complaint to MSPB in November 2015." PFR File, Tab 1 at 3. While she filed her Board appeal in May 2016, she filed her OSC complaint in November 2015. IAF, Tab 1 at 30. Thus, we assume for purposes of our jurisdictional determination that she is referring to her November 2015 OSC complaint. *See Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6 (recognizing that any doubt or ambiguity as to whether an appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction).

disclosure was a contributing factor in the cancellation of the appellant's reassignment on October 17, 2013.  PFR File, Tab 1 at 4, Tab 4 at 3-6.[5]

The appellant exhausted her October 16, 2013, disclosure with OSC.

¶9    If an appellant has exhausted her administrative remedies before OSC, she can establish Board jurisdiction over an IRA appeal by nonfrivolously alleging that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 14.  The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Id.*, ¶ 10 (citations omitted).  The Board's jurisdiction is limited to those issues that previously have been raised with OSC.  *Id.* (citation omitted).  However, an appellant may give a more detailed account of her whistleblowing activities before the Board than she did to OSC.  *Id.*, ¶ 10 (citing *Briley v. National Archives and Records Administration*, 236 F.3d 1373, 1378 (Fed. Cir. 2001)).  An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC.  *Id.*, ¶ 11.  In the alternative, exhaustion may be proven through other sufficiently reliable evidence, such as an affidavit or declaration attesting that the appellant raised with OSC the substance of the facts in her Board appeal or an unrebutted certified statement to this effect on an appellant's initial appeal form.  *Id.* & n.7 (citing, among other cases, *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 927 (7th Cir.) (explaining that exhaustion may be demonstrated through "sufficiently reliable evidence . . . such

_____

[5] The appellant also contends that agency counsel's participation in this matter is improper and that he should recuse himself.  PFR File, Tab 4 at 5.  She has offered no argument or evidence that agency counsel has a conflict or engaged in any act justifying a sanction.

as the OSC's response letters, an affidavit or declaration attesting to the complaint's substance [of the OSC complaint], or a copy of [the]. . . complaint")), *as amended on denial of reh'g and reh'g en banc* (7th Cir. 2018)).

¶10     In finding that the appellant did not exhaust her claim that she made a protected disclosure on October 16, 2013, the administrative judge did not have the benefit of the Board's decision in *Chambers*, 2022 MSPB 8, which was issued after the initial decision in this case. Therefore, she relied on past case law regarding this jurisdictional element in taking a narrower approach. ID at 4 (citations omitted). We now find that the appellant sufficiently identified the October 16, 2013 disclosure date to OSC to prove exhaustion under the standard in *Chambers*.

¶11     Specifically, the appellant provided OSC with a sufficient basis to pursue an investigation regarding her October 16, 2013 disclosure, as evidenced by both the appellant's OSC complaint and OSC's closure letter. IAF, Tab 1 at 19, 27. In her OSC complaint, the appellant described her disclosure as follows:

> I reported the presence of an unauthorized medical assistant student I was detailed to provide training for during the student's clinical rotation at JBVAMC from September 30, 2013 to October 16, 2013. I reported this unauthorized person's presence to . . . [the] Associate Chief Nurse Outpatient Services via an email describing what happened to . . . the unauthorized medical assistant student, and myself on Wednesday, October 16, 2013 at 4:00 p.m. to 4:25 p.m. in [her first-level supervisor's] office after [her supervisor] thought that I had found out that [the student] was not authorized for clinicals at JBVAMC.

*Id.* at 27. In a box next to this description of her disclosure, the appellant identified October 21, 2013, as the date of her disclosure. *Id.* However, as set forth above, she identified October 16, 2013, as the date her supervisor learned of her disclosure to the Associate Chief Nurse. *Id.*

¶12     Moreover, in its March 30, 2016 closure letter, OSC stated that the appellant "asserted that the actions taken against [her] since October 2013 were retaliatory." *Id.* at 19. OSC recognized the appellant's allegation that her "job

offer as the Neurology Nurse Case Manager was rescinded one day after [she] learned the MA student was not authorized to receive training at [her] facility and after the Nurse Manager questioned why [she] contacted the Nurse Education Coordinator about it." *Id.* Accordingly, the record evidence reflects that the appellant proved that she exhausted her allegation regarding her October 16, 2013, disclosure.

The appellant nonfrivolously alleged that her October 16, 2013 protected disclosure was a contributing factor in the cancellation of her reassignment.

¶13    The administrative judge found that the appellant nonfrivolously alleged that her disclosure regarding the medical student was protected. ID at 5-6. The parties do not dispute this finding, and we discern no basis to disturb it. Section 2302(b)(8)(A) of Title 5 prohibits an agency from taking or failing to take a personnel action against an employee because of a disclosure that she "reasonably believes evidences . . . any violation of any law, rule, or regulation" or any of the other categories of wrongdoing identified in that provision. The administrative judge suggested that the appellant's allegations were insufficient to constitute a nonfrivolous allegation that the agency cancelled her reassignment.[6] ID at 7. We disagree.

¶14    A reassignment is a personnel action. IAF, Tab 1 at 5, 7; *see* 5 U.S.C. § 2302(a)(2)(A)(iv) (identifying a reassignment as a personnel action). After the initial decision was issued in this case, the U.S. Court of Appeals for the Federal Circuit held in *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1368-69 (Fed. Cir. 2020), that the determination of whether an appellant has nonfrivolously alleged that she made protected disclosures that contributed to a personnel action must be based on whether she "alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *See McCray v.*

---

[6] The parties do not dispute the administrative judge's determination that the appellant failed to nonfrivolously allege that the agency took other personnel actions against her. ID at 7; PFR File, Tab 1 at 4. We decline to disturb this finding.

*Department of the Army*, 2023 MSPB 10, ¶ 16 n.4 (summarizing this holding). The Board is not permitted to "credit[] the agency's interpretation of the evidence" in making this determination. *Hessami*, 979 F.3d at 1369. We recognize that the record contains evidence suggesting that the appellant rejected the reassignment on October 17, 2013. IAF, Tab 1 at 14; PFR File, Tab 1 at 6-7. However, at this stage in the adjudication, we accept as true the appellant's allegation that the agency rescinded the job offer. IAF, Tab 1 at 3, 5, 11. Because such a rescission would be a failure to take a personnel action, the appellant has met her jurisdictional burden.

¶15     The administrative judge erred in determining that the appellant failed to nonfrivolously allege that her disclosure was a contributing factor in her cancelled reassignment. ID at 6-7. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure was one factor that tended to affect the personnel action in any way. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). One way to establish this criterion is the knowledge/timing test, under which an appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Id.* Here the appellant alleged that her first-level supervisor confronted her about the disclosure on October 16, 2013, and that her reassignment was rescinded the following day during an "unannounced meeting" with her the same supervisor and an employee from Human Resources. IAF, Tab 1 at 5, 27. Thus, we find that the appellant nonfrivolously alleged through the knowledge/timing test that her disclosure was a contributing factor in the cancellation of her reassignment.

¶16    If an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Salerno*, 123 M.S.P.R. 230, ¶ 5; 5 C.F.R. § 1201.57(c)(4). We find that the appellant has established jurisdiction and therefore is entitled to her requested hearing.[7] IAF, Tab 1 at 2.

## ORDER

¶17    For the reasons discussed above, we remand this case to the Central Regional Office for further adjudication in accordance with this Remand Order.[8]

FOR THE BOARD:                                 /s/ for

                                              Jennifer Everling
                                              Acting Clerk of the Board

Washington, D.C.

---

[7] The appellant also filed two motions requesting the Board to accept new evidence supporting her claim that the agency cancelled her reassignment on October 17, 2013. PFR File, Tabs 6, 8. We deny her motions, as the administrative judge properly determined that the appellant nonfrivolously alleged that the agency cancelled her reassignment on October 17, 2013, and additional information on this alleged personnel action would not change the outcome of the petition for review. The appellant may wish to submit this evidence below during the adjudication of her appeal on the merits, as permitted by the administrative judge.

[8] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.