**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KENTON L. ADAMS,

Appellant,

v.

GENERAL SERVICES
ADMINISTRATION,

Agency.

DOCKET NUMBER
SF-0752-18-0010-I-1

DATE: September 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Garvey</u>, San Francisco, California, for the appellant.

<u>Deborah Finch</u> and <u>Keaton Norquist</u>, San Francisco, California, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal for excessive absence. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

conclusion sustaining the agency's charge, VACATE the administrative judge's nexus and penalty analyses, and except as expressly MODIFIED to supplement the discussion of the appellant's affirmative defenses, AFFIRM the remainder of the initial decision. The appellant's removal is NOT SUSTAINED.

## BACKGROUND

¶2　　The following facts are undisputed. The appellant was a GS-12 Realty Specialist for the agency. Initial Appeal File (IAF), Tab 8 at 46. On February 16, 2016, the appellant began an extended period of absence for medical reasons; apart from a brief return to work in early May 2016, he was continually absent through the rest of the calendar year, and there is no evidence that he ever returned to duty. IAF, Tab 7 at 8-56, Tab 8 at 59-64. On October 3, 2016, the appellant exhausted his accrued leave, and the agency began carrying him in absent without leave (AWOL) status. Tab 7 at 52-56, Tab 8 at 61.

¶3　　On December 5, 2016, the agency proposed the appellant's removal based on a charge of "excessive absence," noting that the appellant had "been in a sick leave, annual leave, or AWOL status for a total of over 1000 hours" during the previous 10 months. IAF, Tab 8 at 59-64. After the appellant responded, the deciding official issued a decision sustaining the charge and removing the appellant effective January 18, 2017. *Id.* at 46-57.

¶4　　The appellant filed a Board appeal contesting the merits of the removal and raising affirmative defenses of discrimination and retaliation under Title VII, the Rehabilitation Act, the Age Discrimination in Employment Act (ADEA), and the Whistleblower Protection Act. IAF, Tab 1, Tab 16 at 3. He waived his right to a hearing. IAF, Tab 1 at 1.

¶5　　After the close of the record, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 18, Initial Decision (ID). He found that the agency proved its charge and established that the appellant's removal

promoted the efficiency of the service, and that the appellant did not prove any of his affirmative defenses.  ID at 3-28.

¶6    The appellant has filed a petition for review challenging the administrative judge's thoroughness and partiality.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

¶7    Having considered the appellant's arguments on review, we find that they provide no basis to disturb the initial decision.  The appellant speculates that the administrative judge did not read every word of every document in the record, but he has not identified any particular piece of material evidence that the administrative judge overlooked.  PFR File, Tab 1 at 1; *see* 5 C.F.R. § 1201.115(a).  Nor is the fact that the administrative judge ruled against the appellant in this case, or other appellants in other cases, sufficient to establish that he was biased.  PFR File, Tab 1 at 1-2; *see Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015).  Nevertheless, the Board reserves the authority to consider any issue in an appeal before it, 5 C.F.R. § 1201.115(e), and in light of developments in the case law after the initial decision was issued, we find it appropriate to revisit the merits of the case.

¶8    As a general rule, an agency may not take an adverse action based on an employee's use of approved leave.  *Coombs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 12 (2002).  However, an exception exists when the following criteria are met:  (1) the employee was absent for compelling reasons beyond his control so that agency approval or disapproval of leave was immaterial because he could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless he became available for duty on a regular, full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis.  *Cook v. Department of the Army*,

18 M.S.P.R. 610, 611-12 (1984). This exception is applicable only under unusual circumstances, such as when the employee is unable to return to duty because of the continuing effects of illness or injury. *Id*.

¶9        In this case, the administrative judge found that the appellant was absent for compelling reasons beyond his control, the absences continued beyond a reasonable time, the agency warned him that he could be disciplined if he did not return to duty, and the Realty Specialist position needed to be filled by an employee available for duty on a regular full-time basis. ID at 4. These findings are generally supported by the record, and the appellant does not challenge them on review. However, there is a facet of the agency's case that the administrative judge did not address and that compels a different outcome for the appeal. Specifically, there are certain categories of absence, namely AWOL, leave covered under the Family and Medical Leave Act of 1993, and leave taken prior to being warned about possible discipline, that cannot be used to support a charge of excessive absence. *Williams v. Department of Commerce*, 2024 MSPB 8, ¶ 6; *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 32 (2015), *overruled in part by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25.

¶10        In this case, the agency first warned the appellant on October 11, 2016 that he could face removal unless he became available for duty on a regular, full-time basis. ID at 4; IAF, Tab 7 at 30-32. Therefore, none of the appellant's absences prior to that date can be used to support the charge. *See Williams*, 2024 MSPB 8, ¶ 6. As for the appellant's absences after the October 11, 2016 warning, the record shows that none of them were approved and that the appellant was in AWOL status the entire time. IAF, Tab 7 at 52-56, Tab 8 at 61. Therefore, none of the absences that the agency identified in its proposal notice can be used to

support the charge, and the charge cannot be sustained.[2]  *See Savage*, 122 M.S.P.R. 612, ¶¶ 31-32.

¶11    Because the agency's failure to prove its charge may have implications for the appellant's affirmative defenses, we have reviewed the administrative judge's rulings on those, as well.  In particular, an agency's failure to prove its charge may indicate that the charge was pretext for discrimination or retaliation.  *See, e.g.*, *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 43 (2016); *Goins v. U.S. Postal Service*, EEOC Appeal No. 01861764, 1987 WL 768555, at *4-*5 (July 21, 1987).

¶12    There are multiple methods of proving an affirmative defense of discrimination under Title VII or the ADEA, and an appellant may use any relevant evidence to support his claim, but whatever method of proof the appellant chooses, he must show that discrimination was at least a motivating factor in the action under appeal.  *Pridgen*, 2022 MSPB 31, ¶¶ 20-24.  In the absence of direct evidence, the most common way of proving a discrimination claim is under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  Under *McDonnell Douglas*, the appellant must first establish a prima facie case of discrimination by showing that (1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination.  *Wilson v. Small Business Administration*, 2024 MSPB 3, ¶ 16.  Once the appellant has made out a prima facie case, the burden shifts to the agency to articulate a nondiscriminatory explanation for the action.  *Id*, ¶ 17.  If the agency meets this burden, the burden shifts back to the appellant to show that the agency's reason is

---

[2] The agency could, perhaps, have taken an adverse action against the appellant based on a charge of AWOL.  *See generally Wilson v. Small Business Administration*, 2024 MSPB 8, ¶¶ 7-8 (setting forth the elements of an AWOL charge).  However, the Board must adjudicate an appeal solely on the grounds invoked by the agency and may not substitute what it considers to be a more appropriate charge.  *O'Keefe v. U.S. Postal Service*, 318 F.3d 1310, 1315 (Fed. Cir. 2002).

pretextual or that it was more likely than not that the agency was motivated by discrimination. *Id.*

¶13     In this case, the administrative judge detailed the evidence and allegations that the appellant submitted in support of his ADEA and Title VII discrimination claims, but he found that none of this evidence tended to show that the appellant's removal was motivated by discrimination based on age, race, sex, color, religion, or national origin. ID at 8-12. We agree with these findings, and we further find that the agency's failure to prove its charge does not warrant an inference that the officials who removed the appellant were motivated by any type of prohibited discrimination. An agency's failure to prove its charge does not necessarily mean that it lacked a legitimate, nondiscriminatory reason for taking action against an employee. *See Carter v. Small Business Administration*, 61 M.S.P.R. 656, 666 (1994). The appellant's lengthy absence from duty with no foreseeable end clearly provided such a reason. *See Bentley v. U.S. Postal Service*, 20 M.S.P.R. 208, 210 (1984) ("There is no question but that an employee's absence for which no foreseeable end is in sight is a burden which no employer can efficiently endure."). Considering the undisputed facts of this case and the context of the removal action, we think that the agency's failure to prove its charge is better attributed to a misunderstanding of civil service law than it is to pretext.

¶14     To prove an affirmative defense of disability discrimination under either a disparate treatment or reasonable accommodation theory, the appellant must show, among other things, that he is a qualified individual with a disability. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28; *see* 42 U.S.C. § 12112(a), (b)(5). A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); 29 C.F.R. § 1630.2(m).

¶15     In this case, the administrative judge found that the appellant was not a qualified individual with a disability because he could not perform the essential

functions of his position with or without reasonable accommodation. ID at 17. Specifically, the appellant did not show that, if granted more leave, he could resume working in his position in the foreseeable future, and the appellant did not otherwise articulate an accommodation that would allow him to return to duty and perform the essential functions of his position. ID at 18. We also observe, although not specifically addressed by the administrative judge, that the appellant did not express that he desired to work in a different position. IAF, Tab 7 at 30-32, Tab 8 at 53-57. Thus, we agree with the administrative judge that the appellant failed to demonstrate that he was a qualified individual with a disability. ID at 17-18. Because the appellant has not shown that he is a qualified individual with a disability, he cannot prevail on his disability discrimination claims under either a reasonable accommodation theory or a disparate treatment theory. *See Haas*, 2022 MSPB 36, ¶ 30.

¶16 The same evidentiary frameworks for claims of disparate treatment discrimination apply to affirmative defenses of retaliation for protected EEO activity. *Pridgen*, 2022 MSPB 31, ¶ 30. However, the standard of causation may differ depending on the specific type of EEO activity at issue. To prove an affirmative defense of retaliation for activity protected under Title VII or the ADEA, an appellant must show that retaliation was at least a motivating factor in the agency's action. *Id.*, ¶¶ 30-31; *Nita H. v. Department of the Interior*, EEOC Petition No. 0320110050, 2014 WL 3788011, at *10 n.6 (July 16, 2014). To prove an affirmative defense of retaliation for activity protected by the Rehabilitation Act, the appellant must show that retaliation was a but-for cause of the action. *Desjardin v. U.S. Postal Service*, 2023 MSPB 6, ¶ 32; *Pridgen*, 2022 MSPB 31, ¶¶ 44-47.

¶17 It is not clear from the record whether the appellant's prior EEO activity was based on Title VII, the ADEA, or on the Rehabilitation Act. However, the issue is ultimately immaterial because we agree with the administrative judge that the appellant did not prove that his EEO activity was a motivating factor in his

removal. ID at 8-12; *see Williams*, 2024 MSPB 8, ¶ 17 n.7 ("The administrative judge's finding that the appellant failed to prove motivating factor causation necessarily means that he failed to prove but-for causation."). Apart from showing that the proposing and deciding officials were aware of his prior EEO activity, the appellant proffered no evidence that would support his claim of retaliation. Under the circumstances of this case, the mere fact that the appellant engaged in EEO activity of which the responsible management officials were aware is insufficient to establish that retaliation was a motivating factor in the removal. *See Carter v. Department of the Army*, EEOC Appeal No. 0120061789, 2007 WL 1320653, at *3 (Apr. 27, 2007).

¶18　　To prove an affirmative defense of retaliation for protected whistleblowing, the appellant must show that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or participated in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D) and that the disclosure or activity was a contributing factor in the action under appeal. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015). If the appellant establishes a prima facie case of whistleblowing reprisal, then the burden of persuasion shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action absent any protected activity. *Id.*

¶19　　The administrative judge found that the appellant proved his case in chief by showing that he made two protected disclosures that, under the knowledge/timing test of 5 U.S.C. § 1221(e), were contributing factors in his removal. ID at 20-23. The appellant's first disclosure concerned a breach of computer security protocol; the appellant disclosed that his supervisor provided him and a coworker the supervisor's own username and password to use in accessing Government databases. IAF, Tab 1 at 21, Tab 8 at 54-55. The appellant's second disclosure was to his congressional representative and concerned the agency's failure to provide him a reasonable accommodation. IAF, Tab 7 at 4-6, Tab 8 at 55. We agree with the administrative judge that this first

disclosure was protected under 5 U.S.C. § 2302(b)(8) and that the appellant therefore met his initial burden of proving his whistleblower reprisal defense. However, the appellant's disclosure concerning the agency's failure to provide him a reasonable accommodation is protected under the Rehabilitation Act, so it is not also protected under 5 U.S.C. § 2302(b)(8).[3] *See McCray v. Department of the Army*, 2023 MSPB 10, ¶¶ 19-22. Nor do we find that this disclosure falls within any of the categories of activity protected under 5 U.S.C. § 2302(b)(9).

¶20    Although the appellant showed that he made a protected disclosure that was a contributing factor in his removal, considering the factors set forth in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), the administrative judge found that the agency proved by clear and convincing evidence that it would have removed him regardless. ID at 23-25. We agree with the administrative judge's analysis for the most part. As for the strength of the agency's evidence in support of its action, we find that it is somewhat undercut by its failure to prove the charge. However, as explained above, the agency's failure to prove its charge has more to do with it selecting the wrong charge than it does with the lack of a legitimate nonretaliatory reason for pursuing an adverse action. *Supra* ¶¶ 9 n.2, 12. We also agree with the administrative judge that the officials who influenced the removal action had, at most, a slight institutional motive to retaliate. ID at 24-25; *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1370-71 (Fed. Cir. 2012). However, we think that the most significant factor in this case is the agency's treatment of similarly situated individuals, whom the agency consistently separates from service when long-term illness or injury prevents them from returning to work. IAF, Tab 7 at 75, Tab 8 at 58. Even if these employees normally separate by retirement, they separate nonetheless, and we agree with the administrative judge that there is no evidence

---

[3] We have considered this second disclosure in the context of the appellant's affirmative defense of EEO reprisal. For the reasons explained above, we find that he has not shown that this disclosure was a but-for cause of his removal. *Supra* ¶¶ 15-16.

that the agency hindered the appellant from retiring in lieu of removal. ID at 25; IAF, Tab 1 at 40-52.

## ORDER

¶21    We ORDER the agency to cancel the appellant's removal and restore him to duty, retroactive to January 18, 2017. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶22    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶23    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶24    No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶25    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter.  5 C.F.R. § 1201.113. You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.


# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805. Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete. Missing documentation may substantially delay the processing of a back pay award. **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE: Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐ 1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket. Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐ 2) Settlement agreement, administrative determination, arbitrator award, or order.

☐ 3) Signed and completed "Employee Statement Relative to Back Pay".

☐ 4) All required SF50s (new, corrected, or canceled). **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 5) Certified timecards/corrected timecards. **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐ 6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐ 7) Outside earnings documentation. Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment. Documentation includes W-2 or 1099 statements, payroll documents/records, etc. Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:** When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received. The payroll office must collect the debt from the back pay award. The annual leave will be restored to the employee. Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.